LA SOCIEDAD DE GANANCIALES compuesta por LAWRENCE LEVY y su esposa LAURA CHAUCER DE LEVY, demandantes y recurrentes, *v.* CARIBE HILTON HOTEL, HOTEL CARIBE HILTON, ET AL., demandados y recurridos.

*Número:* R-69-56     *Resuelto:* 2 de marzo de 1970

*Rafael Martínez Álvarez, Jr., Rafael Martínez Álvarez III* y
*José A. Fernández Paoli,* abogados de los demandantes; *Gon-
zález & Rodríguez,* abogados de las demandadas.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Para febrero de 1964 los esposos demandantes estaban
hospedados en el Hotel Caribe Hilton, en San Juan. En la
noche del 23 de dicho mes, mientras comían en el hotel el
demandante sintió un agudo dolor en la boca. Al sentir el
dolor, como reacción inmediata, el demandante se movió
súbitamente hacia atrás. La causa del dolor consistió en que
una grapa grande de metal que había en la carne que se
estaba comiendo le rompió un diente. Como consecuencia del
movimiento súbito hacia atrás el demandante sufrió dolor
en el cuello y en la espalda.

En Puerto Rico el demandante se trató con un dentista y
un médico. A los dos días del accidente se regresó a su casa
en los Estados Unidos. En aquel país se trató en marzo de
1964 con el dentista Dr. Seicol y en abril del mismo año con
el Dr. Stone. Debido a los dolores del cuello y la espalda
tuvo que tratarse extensamente en los Estados Unidos. Las
determinaciones de hecho números 11 y 12 del Tribunal de
instancia sobre el particular leen como sigue:

"11. Para el 16 de marzo de 1964 Lawrence Levy vio al
Dr. Haig porque le dolía el área del cuello y la espalda. El 17
de marzo de ese mismo año fue admitido al Hospital San Rafael
en donde se le suministró tratamiento de tracción. Continuó
tratamiento médico con Dr. Shutkin, médico asociado al Dr. Haig.
Para el 23 de mayo de 1964 en vista de que el dolor en la
espalda y el cuello continuaba fue admitido nuevamente en el
Hospital San Rafael. Le continuaron el tratamiento de tracción.
Salió de dicho hospital el 27 de mayo, o sea, cuatro días después.
Continuó bajo observación médica. Dr. Shutkin lo refirió a un

neurólogo, Dr. Robinson. Este le hizo un mielograma que demostró la ruptura del disco en el cuarto espacio lumbar intervertebral. Para el 7 de febrero se ordenó su hospitalización. Los doctores Shutkin y Robinson le hicieron una segunda operación en la parte baja de la espalda ya que para 1960 ó 1961 se le había efectuado otra operación en dicha región debido a una lesión en los discos L4-5. Para el 22 de febrero de ese mismo año Levy fue dado de alta del Hospital San Rafael. Dr. Robinson cobró la suma de $850.00 por sus servicios. Para el 7 de febrero de 1966 Lawrence Levy, por recomendación del Dr. Shutkin, fue a ver al Dr. Rightmyer. El 22 de abril por órdenes de este doctor se hospitalizó de nuevo. Se le tomó placas de rayos X y se le hizo otro mielograma. Fue dado de alta cuatro días después. En octubre de 1966 se sometió a una operación exploratoria de la espalda. Se encontró que tejidos de cicatriz estaban rozando un nervio. Se le removieron dichos tejidos. Se le enyesó el cuerpo. ("truncal plaster cast"). El 25 de noviembre de 1966 abandonó el hospital. Dr. Rightmyer cobró por sus servicios $715.00. Según este doctor el demandante sufre una incapacidad permanente de un 25% a un 30%.

12. Lawrence Levy pagó la cantidad de $2,450.00 al Dr. Shutkin por sus servicios. Al Hospital San Rafael desde el 28 de marzo de 1964 hasta el 27 de abril de 1966 pagó la cantidad de $2,139.70. Desde el 23 de octubre de 1966 hasta el 25 de noviembre de 1966 los gastos en dicho Hospital fueron de aproximadamente $1,916.00. Pagó a las enfermeras Catherine Battista la cantidad de $304.00; a Julia Bender, $268.00; Alice Moher, $48.00; Hanet Norcoh, $644.00; a Doris Wadley, $56.00; Theresa Nevins, $756.00 y a Dolores Briley $84.00. Pagó por el corset la suma de $50.00."

En su demanda enmendada los demandantes solicitan por concepto de daños, de sufrimientos y de pérdida de ingresos lo siguiente: El demandante $50,000.00 y su esposa $10,000.00, más las costas, gastos y honorarios de abogado. El Tribunal Superior declaró con lugar la demanda en cuanto a los daños ocasionádoles al demandante en la boca pero no en cuanto a los daños ocasionados a la espalda por entender que el movimiento súbito del demandante fue un acto irre-

flexivo e irrazonable y le atribuyó la negligencia en cuanto a esos daños al demandante. En consecuencia dictó sentencia condenando a los demandados a pagar al demandante $2,421.00 por concepto de todos los daños sufridos y $1,200.00 para honorarios de abogado.

Los demandantes solicitaron revisión y señalaron los siguientes dos errores: (1) Que erró el tribunal al no conceder daños por las lesiones a la espalda y (2) que erró al conceder solamente $2,000.00 por los daños sufridos y $421.00 por concepto de gastos médicos, cuando la prueba incontrovertida demostró que el demandante tiene una incapacidad de un 25% a un 30% en la espalda como causa directa del accidente.

No hay duda de que la sentencia del tribunal de instancia es inadecuada. La sentencia expresa que condena a la parte demandada "a pagar solidariamente a la parte demandante la suma de $2,421.00, por concepto de todos los daños y perjuicios sufridos con imposición de costas y la suma de $1,200.00 para honorarios de abogado." La sentencia no desglosa las partidas que incluye y por eso tenemos que buscarlas en las conclusiones de derecho número 11 de la opinión del tribunal de instancia, la cual lee como sigue:

"Los daños y perjuicios sufridos por el demandante Lawrence Levy en la boca y con motivo del pedazo grande de metal que había penetrado a los dos lados de uno de sus dientes, incluyendo la alegada incapacidad de un 25% a un 30% en la espalda que concluímos ha sido ocasionada por la propia negligencia de dicho demandante, son los siguientes:

(a) Pagos a dentistas por daños en la boca ........ $   421.00
(b) Sufrimientos físicos y angustias mentales .... $2,000.00
Total ........................................................... $2,421.00

Debe dictarse y registrarse una sentencia conforme a las determinaciones que anteceden con imposición de costas y la suma de $1,200.00 para honorarios de abogado."

En la determinación de hecho número 11 antes citada, el tribunal de instancia expresa que "Según este doctor [el doctor Rightmyer] el demandante sufre una incapacidad permanente de un 25% a un 30%." En su conclusión de derecho número 11, también citada anteriormente, asigna $2,000.00 en pago de daños "incluyendo la alegada incapacidad de un 25% a un 30% en la espalda que concluimos ha sido ocasionada por la propia negligencia del demandante."

Puede notarse que el tribunal de instancia concede daños —aunque inadecuados— por la incapacidad en la espalda pero a la vez concluye que la misma fue ocasionada por la negligencia del demandante.

De las extensas deposiciones tomadas a los médicos surge que el demandante padecía, con anterioridad al accidente, de la espalda. El accidente le agravó esa condición y probablemente debido al mismo se hizo necesaria la segunda operación que se menciona en la determinación de hecho número 11 del tribunal de instancia. El tribunal de instancia erró al concluir que los daños a la espalda se debieron a la negligencia del demandante. Dichos daños fueron consecuencia directa de la negligencia de los demandados.

Los pagos hechos a los dentistas, médicos, hospitales y otros relacionados que aparecen en las determinaciones de hecho del tribunal de instancia números 11 y 12 suman un total de $10,660.70.

En cuanto a los daños por concepto de la incapacidad de la espalda, por motivo del historial médico anterior sobre el particular vamos a conceder solamente un 50% de la misma. El demandante tenía 33 años aproximadamente a la fecha de los hechos. Se dedicaba al negocio de arrendamientos y bienes raíces y ganaba alrededor de $10,000.00 al año. Aunque la incapacidad sufrida no hay duda que le perjudica, no lo incapacita para continuar su línea de trabajo. Pero indudablemente constituye una mortificación para la persona.

En atención a todo lo anterior la sentencia del tribunal de instancia se revocará y dictaremos una nueva con los siguientes pronunciamientos:

A—Se condenará a la parte demandada a pagar solidariamente al demandante Lawrence Levy, las siguientes sumas:

—Por los daños a la espalda incluyendo la incapacidad ...................................................................... $12,000.00

—Por sufrimientos físicos y mentales relacionados con todo el accidente y sus consecuencias   5,000.00

B—Se condenará a la parte demandada a pagar solidariamente a Laura Chaucer de Levy, esposa del perjudicado, por sufrimientos y angustias mentales ......................................................................   2,000.00

C—Se condenará a la parte demandada a pagar solidariamente a la sociedad legal de gananciales compuesta por los esposos demandantes las siguientes sumas:

—Por gastos incurridos en pagos a dentistas, médicos, hospitales, enfermeras y otros relacionados ......................................................................   10,660.70

—Para honorarios de abogado, la suma de $2,900.00, más las costas.

El Juez Presidente, Señor Negrón Fernández, no intervino. El Juez Asociado Señor Santana Becerra hace constar que dictaría la sentencia a favor de la Sociedad de Gananciales.